IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NATIONAL WILDLIFE REFUGE ASSOCIATION, DRIFTLESS AREA LAND CONSERVANCY, and WISCONSIN WILDLIFE FEDERATION,<br><br>Plaintiffs,<br><br>v.<br><br>RURAL UTILITIES SERVICE; ANDY BERKE, Administrator, Rural Utilities Service; UNITED STATES FISH AND WILDLIFE SERVICE; WILL MEEKS, Midwest Regional Director; and SABRINA CHANDLER, Manager, Upper Mississippi River National Wildlife and Fish Refuge; UNITED STATES ARMY CORPS OF ENGINEERS; LIEUTENANT GENERAL SCOTT A. SPELLMON, Chief of Engineers and Commanding General, U.S. Army Corps of Engineers; COLONEL STEVEN SATTINGER, Commander and District Engineer, Rock Island District, U.S. Army Corps of Engineers; and COLONEL KARL JANSEN, Commander and District Engineer, St. Paul District, U.S. Army Corps of Engineers,<br><br>Federal Defendants. | No. 3:24-cv-00139-wmc |

**FEDERAL DEFENDANTS' MOTION TO CONVERT PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER TO A MOTION FOR A PRELIMINARY INJUNCTION AND TO SET A BRIEFING SCHEDULE**

Plaintiffs National Wildlife Refuge Association, Driftless Area Land Conservancy, and Wisconsin Wildlife Federation (collectively, "Plaintiffs") cannot meet the standard for a Temporary Restraining Order ("TRO") under Federal Rule of Civil Procedure 65.  Plaintiffs assert that they will be irreparably harmed when ITC Midwest LLC and Dairyland Power Cooperative (collectively, "Utilities") begin construction on the former lands of the Upper Mississippi River National Wildlife and Fish Refuge, but such construction cannot begin prior to closing on the Land Exchange Agreement between the Utilities and Federal Defendant U.S. Fish

1

and Wildlife Service ("FWS"). To facilitate briefing and hearing on a preliminary injunction, FWS represents that it will not close on the Land Exchange Agreement before March 22, 2024—beyond the 14-day TRO that Plaintiffs request and providing ample time for Federal Defendants to receive actual full notice and to be heard prior to that anticipated closing date.[1] Because there is no potential irreparable harm even under Plaintiffs' allegations for at least the next 14 days, Federal Defendants respectfully request that the Court convert Plaintiffs' TRO motion to one for a preliminary injunction and set an orderly briefing schedule, as proposed below.

## ARGUMENT

Federal Rule of Civil Procedure 65 dictates that a court may issue a TRO *only if* (a) the affidavits or a verified complaint "clearly show that immediate and irreparable injury" to plaintiffs will occur before defendants can be heard in opposition and (b) plaintiffs' counsel certifies in writing their efforts to give notice to defendants and reasons it is not required. Fed. R. Civ. P. 65(b); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (noting that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing").

Plaintiffs fail to satisfy the requirements of Rule 65 because they have not and cannot show that they will suffer an immediate injury before Federal Defendants can be heard. Accordingly, rather than considering a TRO, this Court should convert Plaintiffs' motion

---

[1] While Plaintiffs assert that "[c]ounsel for the Federal Defendants and counsel for the Transmission Companies have been notified of this TRO motion, and this motion and supporting memorandum have been served on them by email," ECF No. 2 at 2, Plaintiffs did not transmit to Federal Defendants any of the 25 exhibits to their Complaint, on which Plaintiffs' TRO papers inextricably rely.

2

to one for a preliminary injunction and allow orderly briefing to proceed.[2]  Plaintiffs themselves ask for a 14-day TRO for the Court to "set a reasonable briefing schedule" to allow the Court to determine "whether to preliminarily enjoin the Defendant USFWS from acting on its plans to imminently close the land exchange."  ECF No. 2 at 2.  Federal Defendants propose to file their response to Plaintiffs' emergency injunction papers in less than a week, on March 13, 2024, and that the Court hold any hearing at its convenience prior to March 22, 2024.

At issue in this lawsuit is FWS's approval of a Land Exchange Agreement between the United States and the Utilities.  Compl., ECF No. 1 ¶ 2.  As part of the land exchange, FWS will divest a 19.84-acre corridor along an existing gravel road in the Upper Mississippi River National Wildlife and Fish Refuge in return for 35.69 acres of high-value habitat to be incorporated into the Refuge.  Compl., Ex. F at 1, 3 (Land Exchange Net Benefits Analysis).  Plaintiffs assert that the Court must issue a TRO *and "preliminary injunctive relief"* to prevent the Utilities from "proceed[ing] with bulldozing through the public lands of the Upper Mississippi River National Wildlife and Fish Refuge before judicial review of the merits of

---

[2] Further, Plaintiffs' TRO motion does not comply with this Court's rules, as set forth in the Court's "Procedure to be Followed on Motions for Injunctive Relief," because it fails to include the required statement of proposed facts supported by evidentiary citations.  Nor did Plaintiffs "serve the opposing party **promptly** with copies of all materials filed," as Plaintiffs failed to transmit to Federal Defendants any of the 25 exhibits attached to their Complaint, which are central to their Motion for a TRO.  For these reasons alone, Plaintiffs' Motion for a TRO should be summarily dismissed.  *See, e.g.*, *Mitchell v. Price*, No. 11-cv-260-WMC, 2014 WL 6982280, at *2 (W.D. Wis. Dec. 10, 2014) (denying a TRO motion, in part, because the "motion fails to comply with the court's procedures to be followed on motions for injunctive relief"); *Whitehead v. Hinchley*, No. 17-cv-514-WMC, 2019 WL 4076869, at *1 (W.D. Wis. Aug. 29, 2019) (similar).

Plaintiffs' claim." ECF No. 3 at 3. FWS signed the Land Exchange Agreement on February 23, 2024. Compl., Ex. E at 10 (Land Exchange Agreement). Per the Agreement's terms, closing must occur within 30 days of FWS's signature, or by March 22, 2024. *Id.* at 1. As of March 6, 2024 (the date Plaintiffs filed their Motion for a TRO), more than 14 days remain before this March 22 deadline. If FWS agrees to hold off closing on the land exchange agreement, which the agency can do unilaterally until March 22, 2024, the Utilities cannot begin construction and the Court would have more than 14 days to resolve Plaintiffs' Motion for a TRO as a motion for a preliminary injunction. Because there is sufficient time for preliminary injunction briefing and a hearing, the immediate, extraordinary, and ex-parte relief of a TRO is unwarranted. *See Geneva Assurance Syndicate, Inc. v. Med. Emergency Servs. Assocs.*, 964 F.2d 599, 600 (7th Cir. 1992) ("The essence of a temporary restraining order is its brevity, its ex parte character, and . . . its informality.").

In sum, Plaintiffs have not, and cannot, certify why notice and an opportunity for Federal Defendants to be heard is not possible or required. *See* Fed. R. Civ. P. 65(b). There is more time remaining before the proposed closing date of March 22, 2024 than the 14 days allowed for a TRO. *See, e.g.*, *Rashada v. Jess*, No. 18-cv-62-wmc, 2019 WL 5080009, at *1 (W.D. Wis. Oct. 10, 2019) (holding that where plaintiff "has not made a showing that he requires *immediate* relief without notice to and an opportunity to respond by the defendants, his request for a temporary restraining order will be denied") (emphasis in original).

As a result, the Court should convert Plaintiffs' TRO to a motion for preliminary injunction. The requirements for a TRO and preliminary injunction are essentially the same. *Democratic Nat'l Comm. v. Bostelmann*, 447 F. Supp. 3d 757, 765 (W.D. Wis. 2020). Both require the movant to demonstrate that (1) the Court is likely to rule in their favor on the ultimate

4

merits; (2) irreparable injury is likely – not just possible – in the absence of an injunction; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (citation omitted) (setting forth requirements for a preliminary injunction). The primary difference between the two is that a TRO may issue without notice to the opposing party. *See Democratic Nat'l Comm.*, 447 F. Supp. 3d at 764. Accordingly, Plaintiffs will suffer no prejudice if this Court converts their TRO motion to a preliminary injunction motion and allows Federal Defendants an opportunity to respond. *See Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, 963 F. Supp. 2d 858, 864-65 (W.D. Wis. 2013) ("When an opposing party receives notice of an application for a TRO, the court treats the motion as a request for a preliminary injunction.").

Subject to the Court's availability, Federal Defendants therefore propose the following briefing and hearing schedule:

- **March 13, 2024**: Federal Defendants file their Opposition to Plaintiffs' Converted Motion for a Preliminary Injunction[3]

- **March 20, 2024** (or at the Court's convenience prior to March 22, 2024): Hearing on Motion for Preliminary Injunction

## CONCLUSION

For the reasons set forth above, Federal Defendants respectfully request that this Court convert Plaintiffs' Motion for a TRO into a motion a preliminary injunction and set a schedule to allow for orderly preliminary injunction briefing, as proposed above.

---

[3] The Utilities have advised Plaintiffs and Federal Defendants of their intention to quickly move to intervene, and have also informed Federal Defendants that they will agree to file any opposition to Plaintiffs' converted Motion for a TRO on or before March 13, 2024.

Respectfully submitted March 7, 2024,

                                        TODD KIM
                                        ASSISTANT ATTORNEY GENERAL
                                        United States Department of Justice
                                        Environment & Natural Resources Division

                                        */s/ Kimberly A. Cullen*
                                        KIMBERLY A. CULLEN
                                        READE E. WILSON
                                        Trial Attorneys
                                        Natural Resources Section
                                        P.O. Box 7611
                                        Washington, D.C. 20044-7611
                                        202-305-0503 (office)
                                        202-305-0275 (fax)
                                        kimberly.cullen@usdoj.gov

                                        ATTORNEYS FOR FEDERAL
                                        DEFENDANTS