UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NATIONAL WILDLIFE REFUGE ASSOCIATION et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RURAL UTILITIES SERVICE, et al.,<br><br>Defendants,<br><br>and<br><br>DAIRYLAND POWER COOPERATIVE, & ITC MIDWEST LLC,<br><br>Intervenor-Defendants. | No. 24-cv-139-wmc |

## PLAINTIFFS' OPPOSITION TO AMERICAN CLEAN POWER ASSOCIATION AND CLEAN GRID ALLIANCE'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF

Plaintiffs oppose the American Clean Power Association ("ACPA") and Clean Grid Alliance's ("CGA") joint motion for leave to submit an *amicus curiae* brief, Doc. 43; 43-1, and request that the Court deny the motion. ACPA/CGA's position is already adequately represented by Intervenor-Defendants ITC Midwest and Dairyland Power in this case, and the amici do not provide a unique perspective or information. Moreover, Plaintiffs did not have an opportunity to respond to the proposed amicus brief before oral argument on March 22, 2024, and this Court has already granted a preliminary injunction. Courts should only grant permission to file an amicus brief when:

> (1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief, may by operation of stare decisis or res judicata materially affect that interest; or (3) when the amicus has a

1

>unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do.

*Democratic Nat'l Comm. v. Bostelmann*, 488 F. Supp. 3d 776, 799 n. 17 (W.D. Wis. 2020) (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000)).

Moreover, Plaintiffs note that Krista Tanner, the Senior Vice President and Chief Business Officer of ITC Holdings, the parent company of Intervenor-Defendant ITC Midwest, serves on the Board of Directors and the Executive Committee of American Clean Power Association.[1] ACPA/CGA's proposed amicus brief does not present arguments, theories, insights, facts, or material data not otherwise found in the brief filed by the Intervenor-Defendants ITC Midwest and Dairyland Power and, thus, would not assist the Court in deciding the case. *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544-45 (7th Cir. 2003) (Posner, J., in chambers); *see also Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004). The Court should deny leave to file an amicus brief if the brief merely "repeat[s] in somewhat different language the arguments in the brief of the party whom the amicus is supporting" or "announce[s] the 'vote' of the amici on the decision of the appeal." *Id.* at 545; *see also Nat'l Org. for Women*, 223 F.3d at 617 ("The policy of this court is . . . never to grant permission to file an *amicus curiae* brief that essentially merely duplicates the brief of one of the parties."). That is precisely what proposed ACPA/CGA amici do here.

Therefore, the Plaintiffs request that the Court deny ACPA/CGA's motion for leave to file an *amicus curiae* brief and disregard the proposed amicus brief that was filed.

Respectfully submitted this 26th day of March,

---

[1] American Clean Power, *Our Board of Directors* (available at: https://cleanpower.org/board/).

| | |
|---|---|
| */s/ Howard A. Learner* | */s/ Robert M. Morgan* |
| Howard A. Learner | Robert M. Morgan |
| Daniel Abrams | National Wildlife Refuge Association |
| Environmental Law & Policy Center | 415 E. Cape Shores Drive |
| 35 East Wacker Drive, Suite 1600 | Lewes, DE 19958-3109 |
| Chicago, IL 60601 | T: (301) 466-8915 |
| T: (312) 673-6500 | RMorgan@RefugeAssociation.org |
| F: (312) 795-3730 | |
| HLearner@elpc.org | |
| DAbrams@elpc.org | |
| | |
| *Counsel for Plaintiffs National Wildlife Refuge Association, Driftless Area Land Conservancy and Wisconsin Wildlife Federation* | *Counsel for Plaintiff National Wildlife Refuge Association* |