# EXHIBIT 1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

May 2, 2024

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 24-1492 | Appeal from the United States District Court for the Western District of Wisconsin. |
| NATIONAL WILDLIFE REFUGE ASSOCIATION, *et al.*,<br>    *Plaintiffs-Appellees*, | |
| v. | No. 3:24-cv-00139-wmc |
| RURAL UTILITIES SERVICE, *et al.*,<br>    *Defendants-Appellees*. | William M. Conley,<br>*Judge*. |
| v. | |
| ITC MIDWEST LLC and DAIRYLAND POWER COOPERATIVE,<br>    *Intervening Defendants-Appellants*. | |

**O R D E R**

    In 2021 the district court entered a preliminary injunction prohibiting a federal agency from approving a proposed land exchange that was then under consideration. It made the injunction permanent in 2022. *National Wildlife Refuge Association v. Rural Utilities Service*, 580 F. Supp. 3d 588, 608–10 (W.D. Wis. 2022). We reversed that decision as both premature (final agency action had yet to occur) and substantively problematic. *Driftless Area Land Conservancy v. Rural Utilities Service*, 74 F.4th 489 (7th Cir. 2023).

In February 2024 the agency approved a land exchange, and the district court issued a preliminary injunction that forbids the closing of that swap. *National Wildlife Refuge Association v. Rural Utilities Service*, 2024 U.S. Dist. LEXIS 53509 (W.D. Wis. Mar. 25, 2024), motion for stay pending appeal denied, 2024 U.S. Dist. LEXIS 76854 (W.D. Wis. Apr. 26, 2024). Neither the opinion supporting the injunction nor the opinion declining to stay the injunction's effectiveness finds that plaintiffs are likely to succeed on their claim that the land exchange is unlawful. Instead the district court expressed concern that private parties might begin to build a transmission line before the court could address the merits. Because construction might be hard to undo, the judge stated, an injunction is appropriate.

The Supreme Court held in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See also *Nken v. Holder*, 556 U.S. 418, 434 (2009). These factors are not optional. The absence of a finding that the plaintiffs are "likely to succeed on the merits" precludes the entry of a preliminary injunction.

Both of the district court's orders observed that the land exchange had been blocked in 2022, but that decision was vacated as premature and improvident. It cannot be relied on to show that the plaintiffs are likely to succeed in this new suit. See *Driftless*, 74 F.4th at 496 (the district court's vacated decision "will not have any authoritative or precedential effect in any future suit, once any of the federal agencies makes a new decision"). Nor did the district court make any independent finding about the plaintiffs' probability of success.

We therefore stay the effectiveness of the preliminary injunction.

The district court remains free to consider whether a permanent injunction is appropriate. But a permanent injunction, if any, must be based on a conclusion that the agency's action is legally forbidden and that other equitable considerations, including those in 42 U.S.C. §4370m–6(b)(1) & (2) ("the FAST Act") have been satisfied.