UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NATIONAL WILDLIFE REFUGE ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> RURAL UTILITIES SERVICE, et al., <br><br> Federal Defendants, <br><br> and <br><br> ITC MIDWEST LLC, and DAIRYLAND POWER COOPERATIVE, <br><br> Intervenor-Defendants. | No. 3:24-cv-0139 |

**INTERVENOR-DEFENDANTS' MOTION TO DISMISS COUNT SEVEN OF PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

In a remarkable display of overreach, Plaintiffs'[1] Amended Complaint alleges a new Count Seven titled "The Transmission Companies' Continued Construction." ECF No. 118. The count appears to levy claims for public nuisance and unjust enrichment against Intervenor-Defendants ITC Midwest LLC and Dairyland Power Cooperative, Inc. (together, "the Utilities"). However, Plaintiffs allege no cognizable "claim" and no specific facts which could plausibly be read to state a claim under either theory, let alone entitle Plaintiffs to any relief. Rather, the new Count Seven "Transmission Companies' Continued Construction" is nothing more than legal argument, devoid of fact, in numbered paragraph form. Accordingly, Count Seven and its included "claims" should

---

[1] National Wildlife Refuge Association, Driftless Area Land Conservancy, and Wisconsin Wildlife Federation are plaintiffs in this case (collectively, "Plaintiffs").

-1-

be dismissed under Rule 12 (b)(6) of the Federal Rule of Civil Procedure for Plaintiffs' failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiffs filed their original complaint on March 6, 2024, seeking a temporary restraining order to preclude the Rural Utilities Service, the United States Fish and Wildlife Service ("FWS"), and the United States Army Corps of Engineers ("Corps" and, collectively, the "Federal Defendants") and the Utilities from, among other things, closing on the Land Exchange Agreement. ECF Nos. 1, 2. The Court converted the temporary restraining order to a motion for a preliminary injunction, ECF No. 31, subsequently granted Plaintiffs' request on March 21, 2024, and entered a written order on March 25, 2024. ECF Nos. 60, 62, 63.

On May 2, 2024, the Court of Appeals for the Seventh Circuit stayed the effectiveness of the preliminary injunction. Case No. 24-1492, Doc. No. 27. Consistent with the Seventh Circuit's order and all applicable permits and approvals, the Utilities began construction to complete the remaining portion of the Project on the property subject to the Land Exchange Agreement and Corps easements on May 13, 2024.

After requesting and receiving an extension to do so, Plaintiffs filed their Amended Complaint on May 22, 2024. ECF Nos. 116, 118. The Amended Complaint is largely a re-recitation of Plaintiffs' original Complaint, *see, e.g.,* ECF Nos. 1, 118, except that Plaintiffs have added a Count Seven titled "The Transmission Companies' Continued Construction."[2] Plaintiffs

---

[2] Plaintiffs also add a new jurisdictional provision, 28 U.S.C. §1367, presumably to cover their new claim. It is unclear that provision is sufficient, however, since it applies only to state law claims with sufficient factual overlap to form "part of the same case or controversy" with the claims based on federal question jurisdiction. *Cook Cnty. Republican Party v. Sapone*, 870 F.3d 709, 711 (7th Cir. 2017) ("28 U.S.C. § 1367(a) limits the supplemental jurisdiction to events 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'").

make broad allegations regarding the Court's "equitable powers" and variously refer to "nuisance," "tort," and "unjust enrichment." Count Seven concludes by alleging that, if the Court invalidates the Land Exchange, the Utilities would "lack permits and other necessary approvals to continue building in the Refuge." Amended Compl. ¶ 366. Count Seven does not allege any specific violation of law by the Utilities, nor does it include a specific request for relief.

## LEGAL STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a plaintiff's claim due to the plaintiff's "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This pleading standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Conclusory statements and facts "merely consistent with a defendant's liability" do not suffice to carry a complaint over "the line between possibility and plausibility." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal marks omitted). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[3]

---

[3] Perhaps in recognition of Count Seven's lack of merit, in their latest round of preliminary injunction briefing, Plaintiffs do not attempt to argue that they are likely to be successful on this claim. They do not reference the claim at all. ECF No. 120.

# ARGUMENT

In their new Count Seven, Plaintiffs throw around terms like "nuisance" and "unjust enrichment," and encourage the Court to exercise "broad equitable discretion." Plaintiffs fail to plausibly allege any facts entitling them to relief, and they fail to recite even the most threadbare elements of a cause of action. "Continued construction" is not a legally cognizable claim. Further, Plaintiffs should not be permitted to use meritless state law tort claims to collaterally attack the federal approvals in this case. These issues are each addressed, in turn, below. The claim therefore should be dismissed in advance of the summary judgment briefing in this case.

## I. Plaintiffs should not be permitted to invoke specious state law tort claims to collaterally attack federal approvals.

The allegations in Count Seven arise from the same set of facts and assert the same alleged "harms" as Plaintiffs' claims under the Administrative Procedure Act. As such, the state law claims in Count Seven appear to be nothing more than an attempt use state law to collaterally attack the federal approvals in this case. The Court should not entertain Plaintiffs' attempts to side-step federal law and avoid the standard of review required under the Administrative Procedure Act. *See Guy v. Nebraska Furniture Mart, Inc.*, No. 4:18-cv-216, 2019 WL 12043671, *6 (S.D. Iowa Apr. 17, 2019) (dismissing unjust enrichment claim where it overlapped entirely with statutory claim because "there is such legal and factual overlap between the claims that the at-law remedy is not just available, but entirely supplants any equitable claim."); *see also Kleppe v. New Mexico*, 426 U.S. 529, 540 (1976) ("Congress exercises the powers both of a proprietor and of a legislature over the public domain."); *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1279 (11th Cir. 2014) (affirming grant of summary judgment on state law tort claims, reasoning that "Appellants' claims are inescapably intertwined with a review of the 2010 License and constitute an impermissible collateral attack on FERC's final order."); *Carrington v. City of Tacoma, Dep't of Pub. Utils.*,

-4-

*Light Div.*, 276 F. Supp. 3d 1035, 1045 (W.D. Wash. 2017) (granting defendants' motion to dismiss plaintiffs' state law tort claims related to activities of dam owner pursuant to a FERC-issued license as they were "an impermissible collateral attack by improperly seeking state tort damages for TPU's operations in compliance with its FERC license"). For this reason, too, the Utilities respectfully request that Count Seven be dismissed.

**II.        Plaintiffs lack standing to bring a claim for unjust enrichment.**

Plaintiffs' allegations do not plausibly allege that they have standing to state an unjust enrichment claim. Plaintiffs allege injuries that are common to the general public, namely use and enjoyment of public land. Amended Compl. ¶¶ 356, 363. Plaintiffs' interest in this use is an interest shared generally with the public at large, which does not support standing in federal court. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) ("An interest shared generally with the public at large in the proper application of the Constitution and laws will not [create standing]."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992) ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."). Specifically, Plaintiffs' allegations relate to the Land Exchange Agreement—a contract to which they are neither a party nor a third party beneficiary. Plaintiffs' allegations are insufficient to establish standing to raise an unjust enrichment claim, and it should be dismissed. *See Bykov v. Radisson Hotels Int'l*, Inc., 221 F. App'x 490, 491–92 (8th Cir. 2007) (dismissing unjust enrichment claim for lack of standing where plaintiff had no relationship with defendant with respect to transaction at issue); *see also Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023) ("'[S]tanding is not dispensed in gross; rather, plaintiffs

must demonstrate standing for each claim that they press and for each form of relief that they seek.'" (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021)); *Southard v. Visa USA, Inc.*, 734 N.W.2d 192, 200 (Iowa 2007) (dismissing unjust enrichment claim where alleged injury was too remote to recover). Notably, this limitation on Article III standing applies irrespective of whether Plaintiffs would have been able to bring their claims in an Iowa state court. *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731 (7th Cir. 2020) ("While Illinois is free to conclude that 'plaintiffs' rights as residents in a trust of public lands' may be 'enforced without question,' . . . Article III doesn't give us the same leeway. To sue in federal court, a plaintiff must also demonstrate an injury to her 'separate concrete interest.' *Lujan*, 504 U.S. at 572.") (internal citation omitted).

### III. Plaintiffs have failed to state a claim for unjust enrichment.

Plaintiffs presumably are attempting to assert a claim for unjust enrichment against the Utilities based, apparently, on the Utilities' construction of the Project pursuant to validly-issued permits and approvals. However, Plaintiffs' "allegations" are nothing more than legal argument coupled with broad, generic assertions, and the "claim" should be dismissed.

#### A. Legal Standard.

Under Iowa law, unjust enrichment requires Plaintiffs to "prove the defendant received a benefit at the expense of the plaintiff under circumstances that make it unjust for the defendant to retain the benefit." *Rilea v. State*, 959 N.W.2d 392, 393–94 (Iowa 2021) (citing *Endress v. Iowa Dep't of Hum. Servs.*, 944 N.W.2d 71, 80 (Iowa 2020); *see also Behm v. City of Cedar Rapids*, 922 N.W.2d 524, 577 (Iowa 2019); *CRST Expedited, Inc. v. Swift Transp. Co. of Ariz., LLC*, 8 F.4th 690, 699 (8th Cir. 2021) (unjust enrichment based on principle that "party should not be permitted to . . . receive property or benefits without paying just compensation"). Unjust

enrichment is a doctrine of restitution. *Rilea v. State*, 959 N.W.2d 392, 393 (Iowa 2021). Likewise, the doctrine of "unjust enrichment . . . [is] based upon the concept of implied contract." *Kunde v. Est. of Bowman*, 920 N.W.2d 803, 807 (Iowa 2018), *as amended on denial of reh'g* (Jan. 4, 2019). The Iowa Supreme Court has also explained that "[t]he adequacy of a legal remedy is a general limitation on the exercise of equity jurisdiction." *E.g.*, *Guy*, 2019 WL 12043671, *4.

The elements under Wisconsin law are similar. *E.g.*, *Sands v. Menard*, 2017 WI 110, ¶ 30, 379 Wis. 2d 1, 18, 904 N.W.2d 789, 798.[4]

### B. Plaintiffs have not plausibly pled a claim for unjust enrichment.

#### 1. Plaintiffs cannot plausibly allege a benefit to the Utilities at Plaintiffs' expense.

With broad-brush language, Plaintiffs urge the court to use "equitable powers." However, the Court is not empowered to provide equitable relief when a movant has not satisfied the burden to justify that relief. Here, Plaintiffs do not allege that any benefit to the Utilities from the Land Exchange is at their expense. They seek to halt construction activities in Iowa, but Iowa law is clear that "[t]he concept of unjust enrichment is not a judicial remedy to correct perceived injustices, unfairness, or inequities in a broad sense." *Univ. of Iowa v. Mod. Piping, Inc.*, No. 23-0239, 2024 WL 1813026, at *8 (Iowa Apr. 26, 2024) (citations omitted). Instead, unjust enrichment "involves a narrower set of circumstances giving rise to what might more appropriately be called unjustified enrichment." *Id.* (citations and quotations omitted). In considering such claims, courts focus on whether there has been a "transfer of a benefit *without adequate legal ground*." *Rilea*, 959 N.W.2d at 394 (emphasis added) (quotations omitted). *See also MidWestOne*

---

[4] It is unclear why Plaintiffs have referenced Wisconsin law beyond the fact that the parcel acquired by the Refuge is located there. Plaintiffs also refer to federal common law in Count Seven but provide no basis to apply federal common law in this case, particularly with respect to tort claims asserted against private defendants (the Utilities).

*Bank v. Heartland Co-op*, 941 N.W.2d 876, 888 (Iowa 2020) (affirming dismissal of unjust enrichment claim against bank from sale proceeds when the bank had a valid perfected security interest in the sale of grain).

Here, Plaintiffs have plainly failed to satisfy any element of their claim—(1) receipt of a benefit by the Utilities (2) without adequate legal ground (3) to Plaintiffs' detriment. Their effort to do so is patchwork of allegations against the Utilities and the Federal Defendants. Plaintiffs broadly assert continued construction of the Project harms the interests of their members who use the Refuge and that the Utilities are unjustly enriched as a result of the Land Exchange contract. Amended Compl. ¶¶ 363–65. However, the Utilities have all required permits and approvals to continue to construct the Project, and each of those permits and approvals are currently valid and in effect. The Utilities are not "unjustly enriched" by proceeding in accordance with these permits and approvals and the Land Exchange Agreement. Where Plaintiffs' claims relate to an actual contract (the Land Exchange), their claim for unjust enrichment fails. *E.g.*, *Johnson v. Dodgen*, 451 N.W.2d 168 (Iowa 1990) (existence of contract precludes claim for unjust enrichment); *see also EAD Control Sys., LLC v. Besser Co. USA*, No. C 11–4029, 2012 WL 2357572, at *3 (N.D. Iowa June 19, 2012) ("Importantly, under Iowa law, an express contract and an implied contract cannot coexist with respect to the same subject matter, and the law will not imply a contract where there is an express contract.") (internal citations and quotations omitted).

    **2.**    **Plaintiffs have not alleged that the Utilities received benefits without paying just compensation.**

Under Iowa law, unjust enrichment is based on the principle that a "party should not be permitted to . . . receive property or benefits without paying just compensation." *CRST Expedited, Inc.*, 8 F.4th at 699; *Johnson*, 451 N.W.2d at 175 ("The doctrine of unjust enrichment is an equitable principle."). When a party—such as the Utilities—has taken action pursuant to duly

authorized approvals, a claim for unjust enrichment fails. *See Slade v. M.L.E. Inv. Co.*, 566 N.W.2d 503, 506 (Iowa 1997) (dismissing unjust enrichment claim when an investment firm obtained title to property pursuant to an executed foreclosure judgment, purchased the property through a sheriff's sale, obtained a deed, and later sold the property as it was "only doing what it was entitled to do based on a final and firm judgment."). Here, the Utilities and FWS entered into the Land Exchange Agreement after negotiating terms to govern the exchange of land. Plaintiffs do not allege—and they cannot—that the Utilities received property without paying just compensation. Of course, Plaintiffs have no standing to sue vicariously on behalf of the Refuge. *Protect Our Parks*, 971 F.3d at 732 ("The plaintiffs can't repackage an injury to the park as an injury to themselves. Nor can they sue on behalf of the park, which is what they seem to be trying to do."). Accordingly, the claim fails on this basis, too.

### 3. Plaintiffs have not alleged they have no legal remedy, and they cannot plausibly do so.

Plaintiffs must also plausibly allege that they have no legal remedy, but they have failed to do so. The Iowa Supreme Court has explained: "Equity generally will not provide relief where an adequate remedy at law existed and defendant was denied that relief for appropriate legal reasons." *Mosebach v. Blythe*, 282 N.W.2d 755, 761 (Iowa 1979); *see also Guy*, 2019 WL 12043671, *4. Here, Plaintiffs do not explain how a cause of action that contemplates a monetary remedy can coexist with the statute conferring jurisdiction over their federal claims (the Administrative Procedure Act), that forbids such relief. 5 U.S.C. § 702 ("An action in a court of the United States seeking relief *other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.") (emphasis added); *Guy*, 2019 WL 12043671, *6

(dismissing unjust enrichment claim where plaintiff also asserted statutory claim); *Rilea*, 959 N.W.2d at 395 (unjust enrichment cannot be used to collaterally attack state law determination).

Instead of pleading facts specific to their unjust enrichment claim—because no facts exist that support such a claim—and in an effort to shirk the well-pled complaint rule, Plaintiffs' Amended Complaint includes various quotations from and citations to case law and secondary sources. This is insufficient to state a claim. *Wesbrook v. Ulrich*, 90 F. Supp. 3d 803, 806 (W.D. Wis. 2015) ("[A] formulaic recitation of the elements of a cause of action will not do." (quoting *Iqbal*, 556 U.S. at 678)).

### IV. Plaintiffs have failed to state a claim for public nuisance.

Plaintiffs also purport to assert a claim for public nuisance against the Utilities, again apparently based on the Utilities' construction of the Project pursuant to validly-issued permits and approvals. Here, too, Plaintiffs' assertions are nothing more than legal argument and broad, generic assertions, and the "claim" should be dismissed.

#### A. Legal standard.

A public or common nuisance is an interference with the rights of a community at large. *Guzman v. Des Moines Hotel Partners, Ltd. P'ship.*, 489 N.W.2d 7, 10 (Iowa 1992). Further, in some jurisdictions, "to recover for a public nuisance, an individual must have suffered harm of a kind different from other members of the public who exercised that common right." *Bostco LLC v. Milwaukee Metro. Sewerage Dist.*, 2013 WI 78, ¶ 28, 350 Wis. 2d 554, 835 N.W.2d 160 (quoting Restatement (Second) of Torts, § 821C (1979).[5]

---

[5] Here, too, it is unclear why Plaintiffs have referenced Wisconsin law. Count Seven pleads no specific facts alleged to occur in Wisconsin. Likewise, Plaintiffs identify no basis for invoking federal common law with respect to their specious tort claims against private defendants.

In Iowa, "[t]he elements of public nuisance are: (1) unlawful or anti-social conduct that (2) in some way injures (3) a substantial number of people." *Pottawattamie Cnty. v. Iowa Dep't of Env't Quality, Air Quality Comm'n*, 272 N.W.2d 448, 453 (Iowa 1978).

### B. Plaintiffs have not plausibly pled a claim for public nuisance.

Plaintiffs contend that "[b]y constructing the CHC transmission line through the protected Upper Mississippi River National Wildlife and Fish Refuge without lawful authorization, the Transmission Companies would be 'unreasonably interfering' with 'a right common to the general public.'" Amended Compl. ¶ 357. Plaintiffs present no facts or allegations as to how the construction of the transmission line unreasonably interferes with rights of the general public. Likewise, Count Seven does not plausibly allege that Plaintiffs themselves have suffered unique harm. *Id*. at ¶ 356 (alleging that right to use and enjoy public lands and waters is "a right common to the general public."). Again, this attempt to refer to various legal elements of a claim without any supporting specific facts does not satisfy the well-pled complaint requirement. *See Wesbrook*, 90 F. Supp. 3d at 806.

Moreover, Plaintiffs' assertion that the Utilities are constructing the Project "without lawful authorization," Amended Compl. ¶ 357, is patently false. Federal Defendants undertook multiple rounds of environmental analyses related to the Land Exchange and the Project before ultimately approving the exchange. The Utilities have also obtained all required approvals for the Project from the Wisconsin Public Service Commission,[6] the Iowa Utilities Board,[7] and federal

---

[6] *See* Joint Application of American Transmission Co. LLC, ITC Midwest LLC, and Dairyland Power Cooperative, for Authority to Construct and Operate a New 345 kV Transmission Line from the Existing Hickory Creek Substation in Dubuque County, Iowa, to the Existing Cardinal Substation in Dane County, Wisconsin, to be Known as the Cardinal-Hickory Creek Project, Docket No. 5-CE-146, Final Decision (Sept. 26, 2019).

[7] *In re: ITC Midwest LLC and Dairyland Power Cooperative*, Docket No. E-22386, Order Granting Petition for Electric Franchises and Right of Eminent Domain (May 27, 2020).

agencies. The nuisance claim must therefore be dismissed. *See Sherwood v. Tennessee Valley Auth.*, 925 F. Supp. 2d 906, 925 (E.D. Tenn. 2013), *aff'd*, 590 F. App'x 451 (6th Cir. 2014) (denying motion to amend a complaint to assert a claim for public nuisance to prevent the construction of a transmission line because the construction of the line and related land rights acquisition were properly taken pursuant to state law); *Bacon v. PacifiCorp*, No. 1:17-CV-4, 2022 WL 3369627, at *12 (D. Utah Aug. 16, 2022) ("[Plaintiff] has failed to demonstrate a public nuisance claim because PacifiCorp is authorized to operate this power line by the State and is doing so in compliance with the State's requirement.").

## CONCLUSION

For the reasons stated above, this Court should find that Count Seven of Plaintiffs' Amended Complaint fails to state a claim and dismiss Count Seven accordingly.

DATED: June 5, 2024

s/ Thomas C. Jensen
Thomas C. Jensen, DC Bar No. 459555
TJensen@perkinscoie.com
Stacey Bosshardt, DC Bar No. 458645
SBosshardt@perkinscoie.com
Edward A. Boling, DC Bar No. 1741920
TedBoling@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

*Attorneys for Intervenor-Defendants ITC Midwest LLC and Dairyland Power Cooperative*

Lisa M. Agrimonti, Wis. Bar No. 1032645
Haley L. Waller Pitts, Wis. Bar No. 1115291
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 492-7000
Fax: (612) 492-7077
lagrimonti@fredlaw.com
hwallerpitts@fredlaw.com

*Attorneys for ITC Midwest LLC*

Justin W. Chasco, Wis. Bar No. 1062709
**FREDRIKSON & BYRON, P.A.**
44 East Mifflin Street, Suite 1000
Madison, WI 53703
Phone: (608) 441-3813
jchasco@fredlaw.com

*Attorney for Dairyland Power Cooperative*